**SOUTHERN UNION COMPANY**, a Delaware corporation, Plaintiff–Appellee,

v.

**SOUTHWEST GAS CORPORATION**, a California corporation; ONEOK Inc., an Oklahoma corporation; Michael Maffie; Thomas Hartley; Gene Dubay; Thomas Sheets; John Gaberino; Jack D. Rose; Edward Zub; Larry W. Brummett, Defendants,

and

James M. Irvin, Defendant–Appellant.

Southern Union Company, a Delaware corporation, Plaintiff–Appellant,

v.

Southwest Gas Corporation, a California corporation; ONEOK Inc., an Oklahoma corporation; Michael Maffie; Thomas Hartley; Gene Dubay; Thomas Sheets; John Gaberino; Jack D. Rose; Edward Zub; Larry W. Brummett, Defendants,

and

James M. Irvin, Defendant–Appellee.

Nos. 03–16649, 03–16729.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 10, 2005.

Filed July 13, 2005.

Filed Sept. 16, 2005.

Tom Q. Ferguson, Tulsa, OK, for plaintiff-appellee-appellant Southern Union Company.

Barry Richard, Tallahassee, FL, Elliot H. Scherker, Miami, FL, E. Jeffrey Walsh, Robert A. Mandel, Greenberg Traurig, P.A., Phoenix, AZ, Julissa Rodriguez, Greenberg Traurig, P.A., Miami, FL, for defendant-appellant-appellee James M. Irvin.

Before REINHARDT, NOONAN, and FERNANDEZ, Circuit Judges.

### ORDER

The opinion filed on July 13, 2005 [415 F.3d 1001] is amended as follows:

Slip Op. p. 8157, ¶ 2, 1.2: Before sentence beginning: "Despite this holding . . . ." add the following:

"Although the district court ruled that Irvin was not at all entitled to an instruction derived from *Crum,* the course and scope instruction that Irvin proposed was deficient under Arizona law and could have still been rejected."

Slip Op. p. 8157, ¶ 2, 1.1: Amend sentence beginning: "Despite this holding . . ." to begin: "Despite this court's holding on the course and scope instruction,"

Slip Op. p. 8158, ¶ 1, 1.9. Add after "1116 (2000)":

"Moreover the jury was instructed in detail about the scope of the ACC's authority and the duties inhering therein, and the jury nevertheless concluded that Irvin had acted improperly."

With these amendments, the panel has voted unanimously to deny the petition for rehearing.

The full court has been advised of the petition for rehearing en banc, and no active judge has requested a vote whether to rehear the matter en banc. Fed. R.App. P. 35.

The petition for rehearing is DENIED and the petition for rehearing en banc is DENIED.

No further petitions for rehearing and for rehearing en banc will be entertained.